972 F.2d 356
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Ronald Ray REID, Petitioner-Appellant,
v.
Stephen KAISER, Respondent-Appellee.
 No. 92-6151.
 United States Court of Appeals, Tenth Circuit.
 Aug. 7, 1992.
 
 Before SEYMOUR, STEPHEN H. ANDERSON and BALDOCK, Circuit Judges.
 ORDER AND JUDGMENT*
 STEPHEN H. ANDERSON, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Ronald Ray Reid appeals the denial of his petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254. He also asks us to grant his application for a certificate of probable cause, under 28 U.S.C. § 2253.
 
 
 3
 Following the acceptance of his guilty plea in Oklahoma County District Court, Reid was sentenced to concurrent sentences of twenty-five years in jail on eighteen separate counts. Reid raised numerous issues in his habeas petition below, but asserts only one on appeal: that he was denied the effective assistance of counsel during his state court guilty plea proceeding, in violation of his Sixth and Fourteenth Amendment rights, when his attorney stipulated that Reid had been convicted of three prior felonies in Texas in 1986 and 1987. As a result of those prior offenses, Reid received an enhanced sentence pursuant to Okla.Stat. tit. 21, § 51 (1981).
 
 
 4
 To succeed on an ineffective assistance of counsel claim, petitioner must satisfy the two part test established in Strickland v. Washington, 466 U.S. 668 (1984). Reid must show both that his attorney's performance fell below an objective standard of reasonableness and that, but for counsel's inadequacies, the result of the proceeding would have been different. See Tapia v. Tansy, 926 F.2d 1554, 1564 (10th Cir.), cert. denied, 112 S.Ct. 115 (1991). The Strickland test also applies to challenges of guilty pleas. Hill v. Lockhart, 474 U.S. 52, 58 (1985). Initially, the court must determine if a counseled guilty plea is based on advice which "[is] within the range of competence demanded of attorneys in criminal cases." Id. at 56. The second part of the Strickland test is satisfied if "there is a reasonable probability that, but for counsel's errors, [the defendant] would not have pleaded guilty and would have insisted on going to trial." Id. at 59.
 
 
 5
 Reid premises his ineffective assistance of counsel claim on the proposition that an attorney must investigate the validity of prior convictions when those prior convictions can result in the application of an enhanced sentence. See, e.g., Jones v. Lockhart, 851 F.2d 1115, 1116-17 (8th Cir.1988). Counsel has a duty to make reasonable investigation or to make a reasonable decision that makes particular investigations unnecessary. Strickland, at 691.
 
 
 6
 Here, that inquiry was conducted on the record by the state court judge. Reid admitted his involvement in the three Texas felonies and to the facts necessary for the application of the Oklahoma statute enhancing his sentence. Oklahoma's Resp. to Pet. for Writ of Habeas Corpus, Ex. F at 12-15. We agree with the Magistrate Judge's conclusion that "[Reid] has not alleged that he would not have pleaded guilty had counsel investigated his prior felony convictions, and there is no reasonable probability that, had counsel conducted such an investigation, the Petitioner would not have pled guilty and would have proceeded to trial." Findings and Recommendation of United States Magistrate Judge at 9-10.
 
 
 7
 " '[A] certificate of probable cause requires petitioner to make a "substantial showing of the denial of [a] federal right." ' " Barefoot v. Estelle, 463 U.S. 880, 893 (1983) (quotation omitted). In order to make a substantial showing of the denial of a federal right, a petitioner who was denied relief in a district court " 'must demonstrate that the issues are debatable among jurists of reason; that a court could resolve the issues [in a different manner]; or that the questions are "adequate to deserve encouragement to proceed further." ' " Lozada v. Deeds, 111 S.Ct. 860 (1991) (quotation omitted). Reid has failed to make this substantial showing.
 
 
 8
 Accordingly, we DENY Reid's application for certificate of probable cause and DISMISS his complaint for substantially the same reasons set forth in the Magistrate Judge's Findings and Recommendation and the district court's Order affirming that Report and Recommendation. The mandate shall issue forthwith.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3