PUBLISH

UNITED STATES COURT OF APPEALS

**Filed 11/25/96**

TENTH CIRCUIT

RONALD RAY REID,

       Petitioner-Appellant,

v.

       No. 95-6458

STATE OF OKLAHOMA,

       Respondent-Appellee.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF W.D. Okla.
(D.C. No. CIV-95-1460-R)

Submitted on the briefs:

Ronald Ray Reid, pro se.

W.A. Drew Edmondson, Attorney General of Oklahoma, Patrick T. Crawley, Assistant Attorney General, Oklahoma City, Oklahoma, for Respondent-Appellee.

Before BALDOCK, BRISCOE, and LUNGSTRUM,[*] Circuit Judges.

BRISCOE, Circuit Judge.

---

[*]     Honorable John W. Lungstrum, District Judge, United States District Court for the District of Kansas, sitting by designation.

Petitioner Ronald Ray Reid appeals from a district court order dismissing his petition for a writ of habeas corpus under 28 U.S.C. § 2254.[1]  The district court held the grounds raised were variously abusive or successive, found neither cause nor miscarriage of justice to excuse their deficiency, and dismissed the petition with prejudice pursuant to Rule 9(b) of the Rules Governing Section 2254 Cases and McClesky v. Zant, 499 U.S. 467 (1991).[2]  We affirm.


# I

In 1989, petitioner pled guilty in state court to numerous felony counts, for which he was sentenced, in accordance with Oklahoma's recidivist statutes, Okla. Stat. Ann. tit. 21, §§ 51(B) (enhancement after former conviction of two prior felonies), 54 (applying enhancement to foreign felonies), to concurrent terms of

---

[1]     After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument.  See Fed. R. App. P. 34(f); 10th Cir. R. 34.1.9.  The case is therefore ordered submitted without oral argument.

[2]     We refer herein to the rules and case law controlling abusive and successive habeas petitions when the district court rendered its decision in December 1995, several months before passage of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub.L.No. 104-132, 110 Stat. 1214 (1996).  Cf. Hatch v. Oklahoma, 92 F.3d 1012, 1014 & n.2 (10th Cir. 1996)(applying abusive/successive petition provisions of AEDPA to habeas petition filed two months after passage).  However, we would reach the same result under the even more restrictive standards contained in Title I of the AEDPA.

twenty-five years. The former felonies relied on were three convictions, also obtained by plea, from Texas. The petition filed in this case challenged the constitutionality of petitioner's Oklahoma convictions/sentences on three grounds: (1) all of his pleas, in both Oklahoma and Texas, were unknowing and involuntary due to the contemporaneous influence of the psychotropic medication Elavil; (2) the Texas pleas were also undermined by the government's breach of a plea bargain on which they rested; and (3) his Oklahoma counsel rendered ineffective assistance by stipulating to the prior Texas convictions without investigating their constitutionality. See R. I doc 2, at 6-7.

As the district court noted, this is petitioner's third attempt to secure habeas relief since his 1989 conviction. His first petition, dismissed in Reid v. Kaiser, No. CIV-92-76-R (W.D. Okla.), aff'd, No. 92-6151, 1992 WL 189110 (10th Cir. Aug. 7, 1992), raised, without success, essentially the same ineffective assistance claim summarized above. His second petition, dismissed in Reid v. Punches, No. CIV-94-1996-R (W.D. Okla.), aff'd, No. 95-6221, 1995 WL 480313 (10th Cir. Aug. 15, 1995), unsuccessfully challenged the denial of emergency time credits under a statutory exclusion for § 51 habitual offenders, see Okla. Stat. Ann. tit. 57, § 573(3), claiming that the exclusion did not apply to recidivist sentences based on foreign convictions.

## II

The district court dismissed petitioner's claim for ineffective assistance of Oklahoma trial counsel as plainly successive. We agree. The claim was both asserted and rejected on the merits in Reid v. Kaiser, thereby fulfilling the conditions for dismissability under Rule 9(b). See Watkins v. Champion, 39 F.3d 273, 275 (10th Cir. 1994).

The district court dismissed as abusive petitioner's claim regarding the influence of Elavil on his various guilty pleas, because it was not included in his first habeas petition. As cause for this omission, petitioner argues he "could not raise this issue until he discontinued ingesting Elavil and started having clear and rational thoughts in 1993." Appellant's Opening Brief filed February 23, 1996 (Op. Br.) at 45.

Without implying any acceptance of petitioner's dubious contention that his use of Elavil provided a continuing exemption from the requirements of Rule 9(b),[3] we note that such an excuse was no longer available when he filed his second habeas petition in 1994. Petitioner does not address this obvious point, evidently presuming that abuse-of-the-writ principles do not apply when one habeas petition challenges execution of sentence and another the underlying

---

[3] We note, for example, that petitioner offers no explanation why the lack of "clarity" and "rationality" allegedly caused by the Elavil only selectively precluded his assertion of habeas claims.

conviction or the imposition of sentence. Such distinctions are not made by Rule 9(b) or the relevant statutory provisions, 28 U.S.C. §§ 2244(b) & 2254, and indeed have been rejected by other circuits, see McGary v. Scott,[4] 27 F.3d 181, 183 (5th Cir. 1994)(applying abuse-of-the-writ principles to consecutive habeas petitions challenging conviction and deprivation of good time credit); see also Goode v. Wainwright, 731 F.2d 1482, 1483-84 (11th Cir. 1984)(applying abuse-of-the-writ principles to consecutive habeas petitions challenging capital conviction and execution of death sentence). We embrace this sound authority and, consequently, reject petitioner's proffered excuse for twice omitting an available challenge to the knowing and voluntary nature of his numerous guilty pleas.

The remaining infirmity alleged with respect to the predicate Texas convictions originally involved only the breach of a plea bargain regarding sentence, though petitioner later added inadequate plea advisement and counsel's failure to perfect an appeal. We agree with the district court that the operative facts were plainly available to petitioner before he filed his first habeas petition (and, a fortiori, before he filed the second). Contrary to petitioner's suggestion,

---

[4] McGary has been followed in unpublished decisions by two other circuits. See Fuller v. Baker, No. 94-3989, 1995 WL 390298, at **1-2 (6th Cir. June 30, 1995); Hamm v. Murphy, No. 94-2175, 1995 WL 247338, at **2 (1st Cir. Apr. 10, 1995).

the fact that he subsequently obtained an evidentiary hearing on such matters in Texas does not somehow negate their prior availability for purposes of Rule 9(b). Indeed, in support of his ineffective assistance argument, petitioner now asserts that he raised such matters with Oklahoma counsel at the time of his plea in 1989. See Op. Br. at 31.

Further, we find nothing in the record to implicate the "miscarriage of justice" exception, which requires a claim of actual innocence regarding the offense under review. See McClesky, 499 U.S. at 502; Murray v. Carrier, 477 U.S. 478, 495-96 (1986). Petitioner challenges his conviction and sentence in Oklahoma, R. I doc.2, at 1-2, 6-7, yet he does not assert that he is innocent of the felonies to which he pled guilty there. Instead, he asserts that he "is innocent of the enhancement charge." Op. Br. at 46 (emphasis added). The Oklahoma habitual offender statute merely adds a noncapital enhancement to a sentence imposed for an underlying felony conviction; it does not set out elements of an independent criminal offense. See Simmons v. State, 549 P.2d 111, 117 (Okla. Crim. App. 1976). Accordingly, because "[a] person cannot be actually innocent of a noncapital sentence," United States v. Richards, 5 F.3d 1369, 1371 (10th Cir 1993), petitioner's challenge to his recidivist enhancement does not fall within the potential scope of the miscarriage of justice exception.

Finally, we must address a number of procedural matters raised in the course of this proceeding. We grant petitioner's motions to supplement the record and to "File Amendment Interchanging New Case Authority," but deny his motions "to Compel." As a court of review, we may examine additional documents culled from the district court file and consider new legal authority, but we may not enlarge the evidentiary record to include material unavailable to the district court, much less compel discovery of such material from an opposing party. We deny respondent's request "to prohibit Petitioner from filing any further Petitions asserting the same or similar allegations," Brief of Appellee at 6, as effectively mooted by § 106(b)(3) of the AEDPA, which now requires prior appellate approval before any "second or successive [§ 2254] application" may be filed in district court. As for respondent's concomitant request for "any costs or double costs that this Court deems apropos," Brief of Appellee at 6, we consider a double-cost award unwarranted, though we note that "[single] costs shall be taxed against the [unsuccessful] appellant" as a matter of course under Fed. R. App. P. 39(a).

The judgment of the district court is AFFIRMED. The mandate shall issue forthwith.