**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAR 3 1997**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

---

UNITED STATES OF AMERICA,

Plaintiff-Appellant,

v.

FRANK DENNIS FELIX,

Defendant-Appellee.

No. 96-7061
(D.C. No. CV-95-284-S)
(E.D. Okla.)

---

ORDER AND JUDGMENT[*]

---

Before BRORBY and KELLY, Circuit Judges, and CAUTHRON,[**] District Judge.

---

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**] Honorable Robin J. Cauthron, District Judge, United States District Court for the Western District of Oklahoma, sitting by designation.

Defendant appeals the district court's denial of his 28 U.S.C. § 2255 motion challenging drug trafficking convictions he suffered in the Eastern District of Oklahoma. In denying relief, the district court held that nine of defendant's ten § 2255 claims were procedurally barred because he failed to raise them on direct appeal. Defendant argues that the district court erred in ruling that he could have previously raised his claims alleging: 1) two government witnesses perjured themselves, one at the suppression hearing and one at trial; 2) the government breached its agreement to support defendant's Fed. R. Crim. P. 35(b) motion to reduce his sentence; and 3) the government failed to disclose its theory that defendant's conduct was part of a single conspiracy. Defendant also challenges the district court's refusal to conduct an evidentiary hearing. Determining first whether defendant's allegations, if true, would entitle him to relief and, if so, whether the district court then abused its discretion in refusing to conduct a hearing, United States v. Lopez, 100 F.3d 113, 119 (10th Cir. 1996), we affirm.

A defendant raising an issue for the first time in a § 2255 motion must show cause for not raising the issue on direct appeal and actual prejudice resulting from the errors alleged, or he must show that a fundamental miscarriage of justice would result if his claim is not addressed. See United States v. Riddick, No. 96-3165, 1997 WL 18969, at *1 n.1 (10th Cir. Jan. 21, 1997) (to be reported

-2-

at 104 F.3d 1239) (citing <u>United States v. Allen</u>, 16 F.3d 377, 378 (10th Cir. 1994))[1]. Because he does not allege that he is actually innocent of the offenses for which he was convicted, <u>see</u> <u>Schlup v. Delo</u>, 513 U.S. 298, 115 S. Ct. 851, 867 (1995), the question presented is whether defendant has made a sufficient showing of cause and prejudice to excuse his procedural default.

Defendant first argues that an agent of the Drug Enforcement Administration committed perjury by denying, at the suppression hearing, that agents fired their weapons during the raid of a methamphetamine lab near Beggs, Oklahoma. Defendant asserts that he could not have raised this issue on direct appeal because it is based upon newly discovered evidence that was previously unavailable. <u>See</u> <u>McCleskey v. Zant</u>, 499 U.S. 467, 494 (1991). The affidavits of defendant and his coconspirators, asserting that they heard gunfire at the time of the raid, however, cannot be considered newly discovered evidence. <u>Id.</u> at 498-500. Further, defendant asserts no reason why, through the exercise of due diligence, he could not have discovered, at the time of trial, the information now

---

[1]     Because defendant filed his notice of appeal prior to the enactment of the Antiterrorism and Effective Death Penalty Act (Act), we apply pre-Act law addressing procedural defaults. <u>See</u> <u>Reid v. Oklahoma</u>, 101 F.3d 628, 629 & n.2 (10th Cir. 1996) (28 U.S.C. § 2254 proceeding); <u>see also</u> <u>Lopez</u>, 100 F.3d at 117 (in § 2255 proceeding, where defendant filed notice of appeal prior to Act's enactment, this court, without discussion, applied pre-Act law addressing procedural defaults). We would reach the same result here were we to apply the Act's more restrictive procedural standards. <u>See</u> <u>Reid</u>, 101 F.3d at 629 n.2.

proffered in the affidavits of the two law enforcement officers. See id. at 498. The district court, therefore, did not err in determining that this claim was procedurally barred.

Defendant next argues that the government's informant committed perjury during his trial testimony. In support of this claim, defendant submits the affidavit of an inmate he met subsequent to his direct appeal, who contends that several of the informant's statements made at trial were false. Assuming this evidence was unavailable at the time of defendant's trial or direct appeal, and was, therefore, sufficient to establish cause, defendant has, nonetheless, failed to establish actual prejudice resulting from the alleged perjury. See United States v. Frady, 456 U.S. 152, 168 (1982). None of the allegedly false statements were material to the issue of his guilt or innocence and would have been merely cumulative evidence indirectly challenging the informant's credibility. See United States v. Johnson, 621 F.2d 1073, 1075 (10th Cir. 1980) (new trial was not required where alleged perjury went only peripherally, if at all, to substantive issues and where new evidence did not directly impeach witness's testimony on any substantive issues).

Defendant next argues that the government breached its agreement to provide testimony in support of defendant's motion to reduce his sentence. See Fed. R. Crim. P. 35(b) (subsequently amended, but still applicable to offenses

committed prior to Nov. 1, 1987). Defendant asserts that this claim is not procedurally barred because he timely filed his Rule 35(b) motion after the completion of his direct appeal. The government argues, for the first time on appeal, that this claim is, nonetheless, barred because defendant failed to raise the issue of the government's breach in the Rule 35 proceeding. We need not address these procedural issues, however, because defendant would not be entitled to relief on the merits of this claim in any event. See United States v. Wright, 43 F.3d 491, 496 (10th Cir. 1994) (appellate court need not address procedural default, in § 2255 action, where claim fails on merits); see generally United States v Deninno, 103 F.3d 82, 85 n.2 (10th Cir. 1996) (appellate court is free to affirm on any ground supported by record).

The record indicates that the government did offer to provide testimony in support of defendant's Rule 35(b) motion, in exchange for both information implicating one of his coconspirators and the dismissal of his direct appeal. II Appellant's App. at 523-24. Defendant, however, refused to dismiss his appeal. Id. at 523. Although defendant asserts that he, nonetheless, provided information with the expectation that the government would support his Rule 35 motion, he fails to assert any reason why his expectation was reasonable under the circumstances. Because the record, therefore, does not evince the existence of any agreement between defendant and the government, this claim lacks merit.

See Bischel v. United States, 32 F.3d 259, 264 (7th Cir. 1994) ("mere allegation of an 'understanding' or 'promise' without some documentation or statement in the court record is insufficient to merit an evidentiary hearing much less a Rule 35 hearing").

Finally, defendant argues that the government, in violation of Brady v. Maryland, 373 U.S. 83 (1963), failed to disclose evidence that defendant engaged in only one drug trafficking conspiracy. There is no indication in the record, however, that defendant was ever charged with involvement in more than one conspiracy.

Because defendant has failed to establish that he might be entitled to relief on any of these claims, as alleged, the district court did not abuse its discretion in refusing to conduct an evidentiary hearing. Lopez, 100 F.3d at 121. The judgment of the United States District Court for the Eastern District of Oklahoma is, therefore, AFFIRMED.

Entered for the Court


Wade Brorby
Circuit Judge

-6-