**UNITED STATES of America, Plaintiff,**

v.

**George W. TURLEY, Defendant.**

**Nos. CRIM.A.93–2005101GTV, CIV.A. 97–3204–GTV.**

United States District Court, D. Kansas.

Dec. 18, 1998.

---

**2.** The definition of "other income" is specifically defined by the insurance policy, and will not be reproduced here.

George W. Turley, FCI–EL Reno, El Reno, OK, pro se.

James A. Gravatt, Shawnee, KS, pro se.

Leon J. Patton, Office of U.S. Atty., Kansas City, KS, for U.S.

## MEMORANDUM AND ORDER

VANBEBBER, District Judge.

This case is before the court on the following motions:

(1) Defendant's motion (Doc. 670) under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence;

(2) Defendant's motion (Doc. 700) for leave to file a supplement to his § 2255 motion; and

(3) Defendant's motion (Doc. 701) for leave to file a second supplement to his § 2255 motion.

On April 15, 1994, defendant was convicted of two counts of mail fraud, seventeen counts of mail fraud and aiding and abetting, one count of conspiracy, two counts of money laundering, four counts of making false statements on tax returns, and one count of engaging in a monetary transaction in criminally derived property. The United States Court of Appeals for the Tenth Circuit's order affirming defendant's convictions was filed in the district court on May 28, 1996. Defendant did not file a petition for certiorari with the United

States Supreme Court. The judgment became final on August 26, 1996—the date when the time for filing a petition for certiorari elapsed. *See* Sup.Ct. R. 13.[1] For the reasons set forth below, defendant's initial § 2255 motion is denied, and the two subsequent motions are transferred to the United States Court of Appeals for the Tenth Circuit.

## I. INITIAL MOTION UNDER § 2255

Defendant filed his initial § 2255 motion on May 2, 1997, asserting three challenges to his sentence. First, defendant alleges that the United States Sentencing Guidelines are unconstitutional. Next, defendant contends that he received ineffective assistance of counsel under the Sixth Amendment, arguing that his attorney failed to object to the sentence enhancement for obstruction of justice. Defendant also asserts that the court imposed his sentence in violation of the Due Process Clause of the Fifth Amendment, arguing that the obstruction of justice sentence enhancement was not supported by clear and convincing evidence. In response, plaintiff argues that defendant's motion is procedurally barred because he failed to raise these issues on direct appeal.

### A. Procedural Bar

 "A defendant who fails to present an issue on direct appeal is barred from raising the issue in a § 2255 motion, unless he can show cause for his procedural default and actual prejudice resulting from the alleged errors, or can show that a fundamental miscarriage of justice will occur if his claim is not addressed." *United States v. Allen,* 16 F.3d 377, 378 (10th Cir.1994). This procedural bar applies with equal force to collateral attacks on the conviction or on the sentence. *Id.* Claims of ineffective assistance of counsel, however, are not subject to the procedural bar because they are not required to be asserted on direct appeal. *See United States v. Galloway,* 56 F.3d 1239, 1242–43 (10th Cir.1995). Defendant did not raise any of the now-asserted claims in his direct appeal. Defendant is therefore procedurally barred from raising the challenges to the sentencing guidelines and to the obstruction of justice sentence enhancement unless he can show cause and prejudice or a miscarriage of justice. *Id.*

Defendant has failed to show cause why he did not raise these issues in his direct appeal. Defendant suggests two reasons for his failure to previously raise the issues—"[t]he grounds were either previously unavailable due to a solid wall of circuit authority in existence at the time of the prior proceedings, or [defendant's] attorney failed to object, assert, or properly brief or argue the presented grounds either in the district court or on direct appeal." Defendant, however, filed his appeal pro se so he cannot rely on his attorney's deficiencies to show cause for his failure to assert these claims on direct appeal. Moreover, the court is unable to find any cases indicating that the law in this circuit has changed in defendant's favor since his direct appeal on either of the barred claims.[2] Defendant has likewise failed to show that a miscarriage of justice will result from denial of the barred claims. *Reid v. Oklahoma,* 101 F.3d 628, 630 (10th Cir.1996) ("miscarriage of justice" exception requires claim of actual innocence regarding offense under review), *cert. denied,* 520 U.S. 1217, 117 S.Ct. 1707, 137 L.Ed.2d 832 (1997). Ac-

---

1. A conviction becomes "final" when "a judgment of conviction has been rendered, the availability of appeal exhausted, and the time for a petition for certiorari has elapsed or a petition for certiorari finally denied." *Griffith v. Kentucky,* 479 U.S. 314, 321 n. 6, 107 S.Ct. 708, 93 L.Ed.2d 649 (1987).

2. As a result, even if defendant were not procedurally barred, the court would deny each of defendant's claims on the merits. *See Mistretta v. United States,* 488 U.S. 361, 412, 109 S.Ct. 647, 102 L.Ed.2d 714 (1989) (affirming constitutionality of the sentencing guidelines); *United States v. Pelliere,* 57 F.3d 936, 938 (10th Cir.1995) (obstruction of justice sentence enhancement must be proven by preponderance of the evidence).

cordingly, defendant's motion is denied with respect to the challenges to the sentencing guidelines and to the obstruction of justice sentence enhancement.

## B. Ineffective Assistance of Counsel

Defendant asserts that his counsel was ineffective because he failed to object to the imposition of the sentence enhancement for obstruction of justice. Defendant claims that the sentencing court did not make the requisite factual findings to support such an enhancement and that the evidence did not support such an enhancement.

To find that the petitioner was denied effective assistance of counsel, the court "would have to find that the conduct of [petitioner's] counsel 'so undermined the proper functioning of the adversarial proceeding that the trial cannot be relied on as having produced a just result.'" *United States v. Rivera*, 900 F.2d 1462, 1472 (10th Cir.1990) (quoting *Strickland v. Washington*, 466 U.S. 668, 686, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)). Defendant bears the initial burden to identify acts or omissions which fall "outside the wide range of professionally competent assistance." *Strickland*, 466 U.S. at 690, 104 S.Ct. 2052. For counsel's acts or omissions to rise to the level of constitutional ineffectiveness, they "must have been completely unreasonable, not merely wrong, so that [they bear] no relationship to a possible defense strategy." *Hoxsie v. Kerby*, 108 F.3d 1239, 1246 (10th Cir.), *cert. denied*, —— U.S. ——, 118 S.Ct. 126, 139 L.Ed.2d 77 (1997).

■ The sentencing guidelines provide for a sentence enhancement "[i]f the defendant willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice during the investigation, prosecution, or sentencing of the instant offense." U.S.S.G. § 3C1.1. If a

defendant objects to a section 3C1.1 sentence enhancement resulting from his trial testimony, the trial court must review the evidence and make independent findings sufficient to establish that defendant's trial testimony constituted perjury which obstructed justice. *United States v. Arias–Santos*, 39 F.3d 1070, 1076 (10th Cir.1994) (citing *United States v. Dunnigan*, 507 U.S. 87, 95, 113 S.Ct. 1111, 122 L.Ed.2d 445 (1993)). The trial court must specify which portions of defendant's testimony constituted perjury. *Arias–Santos*, 39 F.3d at 1077.

■ At defendant's sentencing, the trial court specifically found that defendant obstructed justice by the use of perjurious testimony. The presentence report detailed the evidence of defendant's false testimony throughout the trial. The trial court incorporated the presentence report findings regarding defendant's false testimony into the sentence after the court determined that the findings were correct and accurate. The court's findings and incorporation of the specific presentence report findings regarding the false testimony are sufficient to support a section 3C1.1 enhancement. Because the sentence enhancement was appropriate, the court concludes that defendant's counsel's failure to object did not fall outside the wide range of professionally competent assistance. Accordingly, defendant's ineffective assistance of counsel claim is denied.

## II. SUCCESSIVE § 2255 FILINGS

■ Defendant also filed two supplements to his § 2255 motion, each of which raise new claims separate from those asserted in the initial § 2255 motion.[3] Because each supplement raises new and independent claims for relief, the court construes them as successive

---

**3.** In defendant's first supplemental motion, he asserts that his counsel was ineffective because he failed to file a motion to suppress the testimony of the government informant. In defendant's second supplemental motion, he asserts ineffective assistance of counsel claims based on his counsel's alleged failure to argue that his previous time served on a related charge should be subtracted from his sentence, to challenge the offense groups, and to challenge application of the obstruction of justice enhancement to all offense groups.

motions under § 2255. Section 2255 provides that a court of appeals panel must authorize the filing of a second or successive § 2255 motion. Defendant failed to seek authorization to file the successive motions. The court therefore lacks jurisdiction to consider the successive motions. *United States v. Avila–Avila,* 132 F.3d 1347, 1348–49 (10th Cir.1997).

"[W]hen a second or successive ... § 2255 motion is filed in the district court without the required authorization by [the court of appeals,] the district court should transfer the petition or motion to [the court of appeals] in the interest of justice pursuant to [28 U.S.C. § 1631.]" *Coleman v. United States,* 106 F.3d 339, 341 (10th Cir.1997). Accordingly, the two successive motions (Docs.700, 701) are transferred to the United States Court of Appeals for the Tenth Circuit.[4]

IT IS, THEREFORE, BY THE COURT ORDERED that defendant's motion (Doc. 670) under 28 U.S.C. § 2255 to vacate, set aside, or correct a sentence by a person in federal custody is denied.

IT IS FURTHER ORDERED that defendant's motions (Docs.700, 701) for leave to file a supplement to his § 2255 motion are transferred to the United States Court of Appeals for the Tenth Circuit. The clerk of the court shall mail the motion and a copy of this order to the United States Court of Appeals for the Tenth Circuit.

Copies of this order shall be mailed to defendant and to the United States Attorney.

**IT IS SO ORDERED.**

---

4. Under § 2255, defendant was required to file any motion collaterally attacking his conviction or sentence by August 26, 1997—one year after his conviction became final. Defendant did not file his supplemental § 2255 motions until August 10, 1998 and October 15, 1998, respectively. The court, however, will transfer the motions pursuant to *Coleman* because it lacks jurisdiction to deny the motions as untimely. *See Avila–Avila,* 132 F.3d at 1348–49.