FILED
United States Court of Appeals
Tenth Circuit

September 6, 2007

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

---

ROY EASTERWOOD,

Petitioner - Appellant,

v.

STEVEN BECK, Warden of the Mack
Alford Correctional Center,

Defendant - Appellee.

No. 06-7115

E.D. Okla.

(D.C. No. 04-CV-00370-FHS)

---

ORDER DENYING
CERTIFICATE OF APPEALABILITY
AND DISMISSING APPLICATION

---

Before **KELLY**, **MURPHY**, and **O'BRIEN**, Circuit Judges.

---

Petitioner Roy Easterwood, a state prisoner proceeding *pro se*,[1] filed a

28 U.S.C. § 2241 petition for a writ of habeas corpus attacking the execution of

his sentence. The district court dismissed the petition as untimely under the

Antiterrorism and Effective Death Penalty Act's (AEDPA) one-year limitations

period. Easterwood then filed a request for a certificate of appealability (COA)

and to proceed *in forma pauperis* (*ifp*) on appeal. The district court granted

Easterwood's motion to proceed *ifp* but denied a COA. He renews his request for

---

[1] *Pro se* pleadings are liberally construed. *Ledbetter v. City of Topeka,
Kan.,* 318 F.3d 1183, 1187 (10th Cir.2003).

COA in this Court. Pursuant to 28 U.S.C. § 2253, we deny Easterwood's application for a certificate of appealability and dismiss his application.

## I. Background

In December 1979, Easterwood was convicted of first degree murder in the District Court for Choctaw County, Oklahoma and sentenced to life imprisonment, an indeterminate sentence rather than a certain number of years. In 1997, Oklahoma attempted to revamp its criminal statutes through the Truth in Sentencing Act. The Act created matrices describing the punishment for every criminal violation. Relevant to this case, Schedule A defined life imprisonment as "imprisonment for a period of not less than eighteen (18) years nor more than sixty (60) years . . . ." Oklahoma Truth in Sentencing Act, 1997 Okla. Sess. Laws, 1 Reg. Sess., 133 § 4(6) (to be codified at Okla. Stat. tit. 21 § 14(6) (1997 Supp).) The Act was repealed before it was to take effect. *Anderson v. State*, 130 P.3d 273, 281 n.19 (Okla. Crim. App. 2006).

In 2001, the Oklahoma legislature passed amendments to several statutes dealing with pardons and parole. *See e.g.* Okla. Stat. tit. 57 § 332.7. The amendments referred to the matrices for the purpose of parole calculations. Easterwood claims these references "revived" the matrices as law, not only for parole purposes, but also to make his formerly indeterminate sentence now a sentence for a certain amount of years. Thus, according to Easterwood's

calculations, his time served combined with his earned credit days[2] requires his immediate release.

On August 23, 2004, Easterwood filed the instant petition for a writ of habeas corpus, alleging he had completed his sentence and requesting immediate release. The district court dismissed his claims concluding they were time-barred by the one-year statute of limitations. 28 U.S.C. § 2244; *See Burger v. Scott*, 317 F.3d 1133, 1138 (10th Cir. 2003) (applying the § 2244 limitations period to claims arising under § 2241). Petitions for a writ of habeas corpus must be filed within one year of certain dates, including "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D). The district court determined the provisions of the Oklahoma 2001 Truth in Sentencing Act invoked by Easterwood provided the "factual predicate" for his claims. Because he filed his petition more than one year after the statutes went into effect on July 1, 2001, his petition was untimely. The district court also dismissed Easterwood's second claim in which he argued the state failed to comply with Oklahoma post-conviction procedures, as it was purely a matter of state law and in habeas proceedings, we "are limited to deciding whether a conviction violated the

---

[2] While Easterwood recognizes Okla. Stat. tit. 57 § 138 specifically prohibits the application of earned credits to reduce a life sentence, Easterwood apparently believes this provision was repealed *sub silentio* by the 2001 amendments.

-3-

Constitution, laws, or treaties of the United States." *Estelle v. McGuire*, 502 U.S. 62, 68 (1991). Easterwood now seeks permission from this Court to proceed with his appeal.

## II. Certificate of Appealability

A COA is a jurisdictional pre-requisite to our review. *Miller-El v. Cockrell,* 537 U.S. 322, 336 (2003). We will issue a COA only if Easterwood makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make this showing, he must establish that "reasonable jurists could debate whether . . . the petition should have been resolved [by the district court] in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000) (quotations omitted). Insofar as the district court dismissed his habeas petition on procedural grounds, Easterwood must demonstrate both that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." *Id.* We review the district court's factual findings for clear error and its

legal conclusions *de novo*. *English v. Cody,* 241 F.3d 1279, 1282 (10th Cir. 2001).

Easterwood claims the district court erroneously applied the one-year statute of limitations to his claim. The timeliness issue was raised by the State in its response to Easterwood's habeas petition. In his reply, Easterwood argued his situation renders the statute of limitations inapplicable to his claim for two reasons. He contended the application of the time-bar violates the Suspension Clause, U.S. Const. art. I, § 9, cl. 2, the Constitution's prohibition on suspending the writ. In the alternative, he asserted any limitations period should be equitably tolled. The district court did not address these arguments in its order dismissing Easterwood's petition. However, the arguments are not persuasive.

Easterwood first posits the application of the one-year statute of limitations to his claims constitutes a violation of the suspension clause because he is not attacking his conviction. "Whether the one-year limitation period violates the Suspension Clause depends upon whether the limitation period renders the habeas remedy 'inadequate or ineffective' to test the legality of detention. The burden is on the petitioner to demonstrate inadequacy and ineffectiveness." *Miller v. Marr*, 141 F.3d 976, 977 (10th Cir. 1998) (citations omitted). Easterwood fails this burden because he has declined to provide the benefit of argument or legal authority for this proposition. "We do not consider unsupported and undeveloped issues." *Moore v. Gibson*, 195 F.3d 1152, 1180 n.17 (10th Cir. 1999).

Easterwood next suggests the statute of limitations should not be applied because the reasons usually associated with the need for finality do not exist here. However, he cites no legal precedent which rejects a clear Congressional mandate for the time limitation of a claim merely because a court determines the situation does not fit general considerations of finality. The United States Supreme Court has "expressed a clear deference to the rules that Congress has fashioned concerning habeas." *Miller*, 141 F.3d at 978. Easterwood also claims the Oklahoma Board of Pardon and Parole's two-year delay in promulgating rules in accordance with the Truth in Sentencing Act suggests we should consider 2003 as the factual predicate for his claims. Consequently, his petition would be considered timely filed. However, Easterwood makes no attempt to demonstrate the promulgation of rules had any effect, let alone cause a delay, preventing the timely filing of his petition.

Finally, Easterwood claims he is entitled to equitable tolling. "To be entitled to equitable tolling, [Easterwood] must show '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Lawrence v. Florida,* 127 S.Ct. 1079, 1085 (2007) (quoting *Pace v. DiGuglielmo,* 544 U.S. 408, 418 (2005)). "[E]quitable tolling should not be used to thwart the intention of Congress in establishing a statute of limitations for habeas claims. Accordingly, we have

limited equitable tolling of the one-year limitations period to 'rare and exceptional' circumstances." *Burger*, 317 F.3d at 1141.

Easterwood points to three factors to demonstrate the equities favor consideration of his case. First, he argues his claim is akin to a claim of "actual innocence" because a successful result on his claim will recognize he "has satisfied the obligation on his sentence, and is currently innocent of any offense that requires his continued imprisonment." (R. Vol. I, Tab 9 at 5.) Easterwood fails to recognize he is challenging his sentence, not his guilt. "'A person cannot be actually innocent of a noncapital sentence.'" *Reid v. State of Okla.*, 101 F.3d 628, 630 (10th Cir. 1996) (quoting *United States v. Richards,* 5 F.3d 1369, 1371 (10th Cir.1993)). Easterwood was convicted of first degree murder and sentenced to life imprisonment. His situation has not changed. Even if we did equate his sentencing claim with actual innocence, Easterwood must still show diligent pursuit of his rights or extraordinary circumstances. He has not done so.

Second, he claims the state has consistently asserted the matrix never became law. He argues this position misled him somehow and therefore he should not be penalized for believing these penal "experts." (R. Vol. I, Doc. 5 at 6.) He argues the result is "the state can imprison someone indefinitely as long as they keep them ignorant, confused and misled for at least a year." (*Id*. at 5.) This argument is easily rejected. Easterwood does not explain how he learned of the state's position prior to filing his petition nor does he identify any instance in

which state or prison officials misled him or kept him ignorant or confused. Adverse positions in legal proceedings are hardly extraordinary circumstances sufficient to equitably toll a filing deadline.

Finally, Easterwood claims we should find there are rare and exceptional circumstances in this case because no other inmate has managed to initiate "proceedings of equal stature to Petitioner's theories[.]" (*Id*. at 6.) We decline to comment on the "stature" of Easterwood's theories other than to say he has failed to demonstrate jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

Easterwood's request for a COA is **DENIED** and his application **DISMISSED**.

**Entered by the Court:**

**Terrence L. O'Brien**
United States Circuit Judge