**UNITED STATES COURT OF APPEALS**  August 17, 2017

**TENTH CIRCUIT**
**Elisabeth A. Shumaker**
**Clerk of Court**

ALBERT McELHANEY,

       Petitioner - Appellant,

v.

CARL BEAR, Warden,

       Respondent - Appellee.

No. 17-7026
(D.C. No. 6:16-CV-00107-JHP-KEW)
(E.D. Okla.)

---

## ORDER DENYING CERTIFICATE OF APPEALABILITY[*]

---

Before **HARTZ**, **HOLMES**, and **BACHARACH,** Circuit Judges.

---

Pro se[1] state prisoner Albert McElhaney appeals from the dismissal of his

application for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. The district

court dismissed Mr. McElhaney's petition as time-barred under 28 U.S.C.

§ 2244(d). In the same order, the court denied his request for a certificate of

appealability ("COA"). Mr. McElhaney now appeals from that order.

---

[*]     This order is not binding precedent except under the doctrines of law of the
case, res judicata, and collateral estoppel. It may be cited, however, for its
persuasive value consistent with Federal Rule of Appellate Procedure 32.1 and
Tenth Circuit Rule 32.1.

[1]     We construe the filings of a pro se litigant liberally, *see Erickson v.
Pardus*, 551 U.S. 89, 94 (2007) (per curiam), but our role is not to serve as his
advocate, *see Gallagher v. Shelton*, 587 F.3d 1063, 1067 (10th Cir. 2009).

Exercising jurisdiction under 28 U.S.C. § 1291, we **deny** his request for a COA and **dismiss** the matter.

## I

In July 2010, Mr. McElhaney pleaded guilty to second-degree murder, driving with a suspended license, carrying an open liquor container, and failing to display a current vehicle tag on his car. He was sentenced to fifty years in prison. On September 7, 2010, Mr. McElhaney filed a motion to withdraw his plea. The state trial court held a hearing and denied that motion on September 30, 2010. Mr. McElhaney did not appeal that denial, but later filed two state post-conviction motions. Both motions were denied.

In March 2016, Mr. McElhaney filed a § 2254 petition in the United States District Court for the Eastern District of Oklahoma. Six weeks later, the district court ordered the State to show cause as to why Mr. McElhaney's petition should be denied. The State then filed a motion to dismiss, arguing that Mr. McElhaney's petition was time barred under § 2244(d).

In response, Mr. McElhaney argued that § 2244(d)'s limitations period was tolled until he filed his petition in March 2016. He first contended that he was entitled to equitable tolling because prison officials kept him from using the law library or filing timely motions, and because his disabilities kept him from exhausting state remedies. He also maintained that the statutory limitations period should have been tolled because he is actually innocent.

2

The district court rejected both arguments. In a March 31, 2017 order, the court noted that Mr. McElhaney "ha[d] not presented any facts or evidence to support" his claim for equitable tolling. R. at 123. It also pointed out that, "apart from his unsupported allegations, there [was] no evidence in the record to suggest [that Mr. McElhaney was] actually innocent of the charges," nor had he made any showing that "other uncontrollable circumstances impeded him from timely filing his federal claim." R. at 125. The court granted the State's motion to dismiss and denied a COA.

## II

As a state prisoner proceeding under 28 U.S.C. § 2254, Mr. McElhaney must receive a COA in order to be heard on the merits of his appeal. *See, e.g.*, *Montez v. McKinna*, 208 F.3d 862, 866–67 (10th Cir. 2000); *see also Gonzalez v. Thaler*, 565 U.S. 134, 142 (2012) (noting the "'clear' jurisdictional language . . . in § 2253(c)(1)"). "We may grant a COA only if the petitioner makes a 'substantial showing of the denial of a constitutional right.'" *Milton v. Miller*, 812 F.3d 1252, 1263 (10th Cir. 2016) (quoting 28 U.S.C. § 2253(c)(2)). This requires a "showing that reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)).

3

The issue becomes "somewhat more complicated" when a district court denies a petition on procedural grounds. *Id.* In that situation, the petitioner must also make a second showing: that "jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*; *see also Coppage v. McKune*, 534 F.3d 1279, 1281 (10th Cir. 2008) ("If the application was denied on procedural grounds, the applicant faces a double hurdle.").

Although § 2244(d)'s limitations period is subject to equitable tolling, *see Holland v. Florida*, 560 U.S. 631, 645–49 (2010), the doctrine applies only in "rare and exceptional circumstances," *Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000) (quoting *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998)). To qualify for equitable tolling, a petitioner must "show[] '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way.'" *Holland*, 560 U.S. at 649 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)); *see also Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000). A petitioner must show "specific facts to support [a] claim of extraordinary circumstances and due diligence." *Yang v. Archuleta*, 525 F.3d 925, 928 (10th Cir. 2008).

Furthermore, actual innocence operates as "an equitable *exception* to § 2244(d)(1)." *McQuiggin v. Perkins*, 133 S. Ct. 1924, 1931 (2013); *see Doe v. Jones*, 762 F.3d 1174, 1182 (10th Cir. 2014) ("[U]nder *McQuiggin* the existence of such a claim will serve as an exception to the [§ 2244(d)] statute of limitations

4

and he therefore does not have a legitimate concern that the claim will be time barred in federal court.").

"'[A]ctual innocence' means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623 (1998). "[P]risoners asserting innocence . . . must establish that, in light of new evidence, 'it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt.'" *House v. Bell*, 547 U.S. 518, 536–37 (2006) (quoting *Schlup v. Delo*, 513 U.S. 298, 327 (1995)). The actual-innocence "standard is demanding and permits review only in the 'extraordinary' case." *House*, 547 U.S. at 538 (quoting *Schlup*, 513 U.S. at 327).

Moreover, insofar as a petitioner's attack relates to his sentence, it bears noting that, under our precedent, a petitioner cannot be actually innocent of a noncapital sentence. *See Laurson v. Lebya*, 507 F.3d 1230, 1233 (10th Cir. 2007) ("[A] person cannot be actually innocent of a noncapital sentence." (quoting *Reid v. Oklahoma*, 101 F.3d 628, 630 (10th Cir. 1996))); *see also Black v. Workman*, 682 F.3d 880, 915 (10th Cir. 2012) ("This [actual-innocence] exception applies to those who are actually innocent of the crime of conviction and those 'actually innocent' of the death penalty (that is, not eligible for the death penalty under applicable law).").

Having reviewed Mr. McElhaney's appellate filings, the district court's order, and the entire record before us, we conclude that Mr. McElhaney is not

5

entitled to a COA. We are convinced that reasonable jurists would not debate the correctness of the district court's procedural ruling—that is, its determination that Mr. McElhaney's § 2254 petition is time barred.

## III

For the foregoing reasons, we deny Mr. McElhaney's request for a COA and dismiss this matter.

Entered for the Court


Jerome A. Holmes
Circuit Judge

6