**Clarence COLES, Petitioner,**

v.

**UNITED STATES of America, Respondent.**

**No. 4:01CV00282.**

United States District Court, N.D. Ohio, Eastern Division.

Nov. 30, 2001.

## MEMORANDUM OPINION AND ORDER

ECONOMUS, District Judge.

This matter is before the Court upon Petitioner's *pro se* Petition for Writ of Habeas Corpus ("Petition"), filed on February 2, 2001, pursuant to 28 U.S.C. § 2241 (Dkt.# 1). Also before the Court is Respondent's *motion to dismiss* (Dkt.# 10) and Petitioner's response (Dkt.# 11). For the reasons stated below, Respondent's motion to dismiss is **GRANTED**.

### FACTS

In May 1990, in the District Court of the Eastern District of Michigan, a jury convicted Petitioner of being a felon in possession of a firearm and ammunition in violation of 18 U.S.C. § 922(g)(1). Before the trial, the government filed a notice of its intention to seek the enhanced sentencing penalties provided by the Armed Career Criminal Act ("ACCA") pursuant to 18 U.S.C. § 924(e).[1] The notice listed the following four predicate offenses: an unarmed robbery on or about October 23, 1978; assault with intent to rob being armed and possession of a firearm during the commission of a felony on or about November 7, 1979; armed robbery and possession of a firearm during the commission of a felony on or about November 7, 1979; and assault of a prison employee on or about July 10, 1985. *See* Petition at Attachment.

The trial judge sentenced Petitioner to the mandatory minimum fifteen year sentence required by 18 U.S.C. § 924(e). On November 25, 1991, the United States Sixth Circuit Court of Appeals ("Sixth Circuit") affirmed Petitioner's conviction and sentence. On September 6, 1994, Petitioner filed a petition to vacate sentence pursuant to 28 U.S.C. § 2255, which was denied by the District Court of the Eastern District of Michigan. On March 25, 1995, the Sixth Circuit affirmed that decision. In 1998, the Petitioner filed an application to file a second § 2255 petition with the Sixth Circuit, which was denied.

Petitioner is currently incarcerated at the Federal Correctional Institution at Elkton, Ohio ("FCI Elkton"). In the instant petition, Petitioner claims that the ACCA enhanced sentencing penalty, which was used in determining his sentence, is no longer applicable to him due to a recent change in Sixth Circuit law. Consequently, Petitioner asserts that he is being held unlawfully, as the statutory maximum for violating § 922(g) is ten years and he was sentenced to fifteen years pursuant to the ACCA.

### LAW AND ANALYSIS

Habeas Corpus actions brought pursuant to 28 U.S.C. § 2241 address the execution of a sentence while motions filed pursuant to 28 U.S.C. § 2255 test the validity of a judgment and sentence. *Capaldi v. Pontesso*, 135 F.3d 1122, 1123 (6th Cir. 1998) (*citing United States v. Jalili*, 925 F.2d 889, 893 (6th Cir.1991)). However, pursuant to the "savings clause" of § 2255, a federal prisoner who seeks to challenge his conviction or imposition of his sentence

---

1. Section 924(e) provides, in pertinent part:
   In the case of a person who violates § 922(g) of this title and has three previous convictions by any court referred to in § 922(g)(1) of this title for a violent felony or a serious drug offense, or both, committed on occasions different from one another, such person shall be fined not more than $25,000 and imprisoned not less than fifteen years ...

under 28 U.S.C. § 2241, may do so if it appears that the remedy pursuant to a § 2255 motion is "inadequate or ineffective to test the legality of his detention." *Charles v. Chandler,* 180 F.3d 753, 756 (6th Cir.1999). The remedy provided under § 2255 is not "considered inadequate or ineffective simply because § 2255 relief has already been denied, or because petitioner has been procedurally barred from pursuing relief under § 2255, or because the petitioner has been denied permission to file a second or successive motion to vacate sentence." *Hervey v. United States,* 105 F.Supp.2d 731, 733 (E.D.Mich. 2000) (*citing Charles v. Chandler,* 180 F.3d at 756).

In fact, the circumstances under which a motion brought pursuant to § 2255 might be viewed as "inadequate or ineffective," such that relief under § 2241 is appropriate, are narrow. *United States v. Peterman,* 249 F.3d 458, 461 (6th Cir.2001). The "liberal allowance" of the writ would defeat the restrictions placed on successive petitions or motions for collateral relief imposed by the AEDPA. *Id.* To date, no federal circuit court has permitted a post-AEDPA petitioner who was not effectively making a claim of "actual innocence" to use § 2241 (via § 2255's savings clause) as a way of circumventing § 2255's restriction on the filing of a second or successive motion to vacate sentence. *Hervey v. United States,* 105 F.Supp.2d at 733 (*citing to Charles v. Chandler,* 180 F.3d at 757).

A review of the petition shows that Petitioner has not specifically alleged therein that his remedy under § 2255 is "inadequate" or "ineffective." However, Petitioner claims that he is "actually innocent of the charge of Arm Career Criminal" because two of the predicate offenses in the government's notice are not felony convictions for purposes of the ACCA. *See* Pet'r's Resp. at 1. In support of his claim, Petitioner provides credible evidence that one of the predicate felony offenses, the assault of a prison employee, relied upon by the government in its notice, was discounted by the district court judge at Petitioner's sentencing. *See* Petitioner's Resp. at Attached Transcript, p. 17. Petitioner also relies upon the recent change in law announced by the Sixth Circuit in *Hampton v. United States,* 191 F.3d 695 (6th Cir.1999), and its application in *Gilliam v. United States,* 211 F.3d 1269, 2000 WL 553919, (6th Cir.2000), as the basis for his claim that there is a second invalid predicate offense. Petitioner asserts that he is being unlawfully held beyond the maximum ten year sentence authorized under 18 U.S.C. § 922(a)(2) for his crimes, because only two of the four predicate offenses in the government's notice are valid. Therefore, Petitioner claims he should not have to serve the mandatory fifteen year sentence required by the ACCA.

■ Even *assuming arguendo* that Petitioner's assertions are true, the "actual innocence" exception of the savings clause of § 2255, as it has been interpreted by the Sixth Circuit, is "actual innocence of the underlying, substantive offense, not 'innocence' of a sentencing factor." *Rumler v. Hemingway,* 171 F.Supp.2d 705, 709 (E.D.Mich.2001); *United States v. Peterman,* 249 F.3d at 462.

The instant case is distinguishable from both cases upon which Petitioner primarily relies, *Hampton* and *Gilliam.* In both of those cases, the Petitioners argued that they were actually innocent of their § 922(g) convictions. Both Petitioners argued that the predicate felony offenses relied upon by the government in charging each them with violating § 922(g) were no longer valid. In each of those two cases, the Sixth Circuit found that the predicate offenses were no longer valid and remanded the cases back to the respective district courts.

■ In this case, however, Petitioner's claim of innocence relates to a sentencing factor—the ACCA enhanced sentence penalty—as opposed to the underlying, substantive crime, for which Petitioner is serving his current sentence. Consequently, Petitioner's § 2241. claim of "actual innocence" does not fall within the meaning of the savings clause of § 2255, as it has been interpreted by the Sixth Circuit. *Id.* Therefore, Petitioner has not demonstrated that the remedy afforded pursuant to § 2255 is inadequate or ineffective, and, hence, is not entitled to relief under § 2241.

■ However, the Sixth Circuit has suggested that in these types of cases[2] that it is appropriate for the district court to deny relief pursuant to § 2241 and then transfer the matter to the Sixth Circuit for a determination of whether petitioner is entitled to a certificate of authorization to file a second or successive § 2255 motion to vacate sentence. *See Hervey v. United States,* 105 F.Supp.2d at 735, fn. 1 (*citing* In Re Genoa, U.S.C.A. 99–2046 (6th Cir. December 14, 1999)); *See also Rumler v. Hemingway,* at 711 (E.D.Mich.). Consequently, the Court will transfer this matter to the Sixth Circuit for a determination of whether Petitioner is entitled to file a second or successive § 2255 motion challenging the validity of his sentence.

## CONCLUSION

For the reasons set forth above, the Court concludes that Petitioner is not entitled to relief under 28 U.S.C. § 2241. Accordingly, Respondents' Motion to Dismiss is **GRANTED,** and this case is **DISMISSED.** The Court further orders the Clerk of Court to **TRANSFER** this case to the United States Court of Appeals for the Sixth Circuit pursuant to 28 U.S.C. § 1631

and *In Re Sims,* 111 F.3d 45, 47 (6th Cir.1997) for a determination of whether petitioner can file a second or successive motion to vacate sentence pursuant to 28 U.S.C. § 2255.

**IT IS SO ORDERED.**

---

**2.** The fact that the statutory maximum for the crime for which Petitioner was convicted, violation of § 922(g), is ten years, in contrast to the fifteen year sentence Petitioner received pursuant to the ACCA, does raise a constitutional issue.