United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 10, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-10604
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

LANCE COLLINS,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:03-CR-206-ALL-A
--------------------

Before BARKSDALE, STEWART, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Lance Collins appeals his conviction by a jury for aiding and abetting bank robbery and the resulting 210-month sentence. He contends that the district court denied him a fair trial by compelling him to go to trial in identifiable prison clothing. Collins has not established that district court's actions were the cause of his attire at trial. See Estelle v. Williams, 425 U.S. 501, 504 (1976)(habeas corpus case); Brooks v. Texas, 381 F.2d 619, 624 (5th Cir. 1967)(same).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Collins contends that the evidence was insufficient to support his conviction for bank robbery.  We have reviewed the record, and we conclude that a rational trier of fact could have found that the evidence established Collins's guilt beyond a reasonable doubt.  See United States v. Romero-Cruz, 201 f.3d 374, 378 (5th Cir. 2000); United States v. Gadison, 8 F.3d 186, 190 (5th Cir. 1993).

Collins asserts that the district court failed to provide sufficient reasons for the sentence imposed.  He maintains that the court's rulings made it unclear whether it was imposing sentence on the basis of the original recommendation in the presentence report, the first addendum, or the second addendum.  A review of the district court's presentencing order and the sentencing transcript reveals that the court based its sentence on a finding that Collins was a career offender pursuant to U.S.S.G. § 4B1.1.  Collins cannot establish reversible error arising out of the court's reasons for judgment.

Collins contends that his prior attempted escape offense should not be considered a "crime of violence" for purposes of the career offender guideline because his escape constituted a "walkaway" escape from a noncustodial facility.  As Collins concedes, this issue is foreclosed by circuit precedent.  See United States v. Ruiz, 180 F.3d 675, 676-77 (5th Cir. 1999).

Collins challenges the district court's imposition of a two-level enhancement to the base offense level based upon his role

in the offense and another two-level enhancement based upon the fact that a death threat was issued during the offense. Collins's offense level was determined based upon the finding that he was a career offender; the enhancements listed above did not affect his sentence. We therefore decline to consider his arguments on these grounds.

Collins asserts that the district court erred in enhancing his sentence based upon facts not submitted to or found by the jury. Because Collins's sentence was based upon a finding that he was a career offender, the applicable guideline was not based upon facts other than his prior convictions and does not constitute a Sixth Amendment violation under United States v. Booker, 125 S. Ct. 738 (2005). See United States v. Guevara, 408 F.3d 252, 261 (5th Cir. 2005). Collins also contends that the district court erred in imposing his sentence pursuant to a mandatory Sentencing Guideline regime that was held unconstitutional in Booker. He has not established that his sentence was the result of plain error. See United States v. Valenzuela-Quevedo, 407 F.3d 728, 732-33 (5th Cir. 2005). The judgment of the district court is thus AFFIRMED.