[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
June 27, 2006
THOMAS K. KAHN
CLERK

No. 05-11832
Non-Argument Calendar

_____

D. C. Docket No. 05-20445-CV-KMM

CLIFTON ISAAC DUKES, JR.,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(June 27, 2006)**

Before ANDERSON, BIRCH and BARKETT, Circuit Judges.

PER CURIAM:

Clifton Isaac Dukes, Jr., a pro se federal prisoner, appeals the district court's

dismissal of his petition for a writ of habeas corpus filed pursuant to 28 U.S.C.

§ 2241. The district court found that the proper vehicle for Dukes' claims was a § 2255 motion to vacate, and noted that Dukes could not file a § 2241 petition under § 2255's savings clause to avoid the AEDPA's rules restricting the filing of successive § 2255 motions. On appeal, Dukes argues that the trial court erred in dismissing his § 2241 petition because his sentence of 324 months' imprisonment was imposed under a sentencing system that is unconstitutional under United States v. Booker, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), and he should not be barred from obtaining relief because he is "actually innocent" of the conduct considered to enhance his sentence.

The availability of habeas relief under § 2241 presents a question of law that we review de novo. Cook v. Wiley, 208 F.3d 1314, 1317 (11th Cir. 2000). Typically, collateral attacks on the validity of a federal conviction or sentence must be brought under § 2255. Sawyer, 326 F.3d at 1365. When a prisoner has previously filed a § 2255 motion to vacate, he must apply for and receive permission from this Court before filing a successive § 2255 motion. 28 U.S.C. §§ 2244(b)(3), 2255; In re Blackshire, 98 F.3d 1293, 1293 (11th Cir. 1996). The "savings clause" in § 2255, however, permits a prisoner to file a § 2241 petition if an otherwise available remedy under § 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255; Sawyer, 326 F.3d at 1365. The

2

burden of coming forward with evidence affirmatively showing the inadequacy or ineffectiveness of the § 2255 remedy rests with the movant. McGhee v. Hanberry, 604 F.2d 9, 10 (5th Cir. 1979).

The restrictions on successive § 2255 motions, standing alone, do not render that section "inadequate or ineffective" within the meaning of the savings clause, and, consequently, a petitioner who has filed and been denied a previous § 2255 motion may not circumvent the AEDPA's successive-motion rule simply by filing a petition under § 2241. Wofford v. Scott, 177 F.3d 1236, 1245 (11th Cir. 1999). The savings clause only applies when (1) the petitioner's claim is based on a retroactively applicable Supreme Court decision; (2) the holding of that decision established that the petitioner was convicted of a "nonexistent offense"; and (3) "circuit law squarely foreclosed such a claim at the time it otherwise should have been raised at the petitioner's trial, appeal, or first § 2255 motion." Id. at 1244; see also Sawyer, 326 F.3d at 1365-66 (applying the three-part Wofford test).

In the context of a § 2241 petition, "actual innocence" refers to a defendant's actual innocence of the crime of conviction. See Bousley v. United States, 523 U.S. 614, 623, 118 S.Ct. 1604, 1611, 140 L.Ed.2d 828 (1998). A petitioner can only establish actual innocence once the savings clause of § 2255 has been applied to "open a portal" to a § 2241 proceeding. Wofford, 177 F.3d at 1244 n.3.

3

The district court did not err in this case by dismissing Dukes' § 2241 petition because § 2255's savings clause does not apply. Dukes' claim centers on Booker. Dukes failed to satisfy the first prong of the Wofford test as we have held that Booker is not retroactively available on collateral review. Varela v. United States, 400 F.3d 864, 868 (11th Cir.), cert. denied, 126 S.Ct. 312 (2005). Because Dukes did not satisfy the first prong with regard to his claim, we need not address the remaining prongs. See Wofford, 177 F.3d at 1244-45 ("[T]he only sentencing claims that may conceivably be covered by the savings clause are those based upon a retroactively applicable Supreme Court decision overturning circuit precedent."). Because Dukes never "opened the portal" to a § 2241 proceeding, he cannot raise his claim that he is "actually innocent" of the conduct considered to enhance his sentence. Therefore, the district court did not err by dismissing Dukes' petition.

**AFFIRMED.**