[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
March 28, 2007
THOMAS K. KAHN
CLERK

_____

No. 06-16233
Non-Argument Calendar

_____

D. C. Docket No. 06-00083-CV-3

STEPHEN LESTER DAVIS,

Petitioner-Appellant,

versus

MICHAEL PUGH,
Warden,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Georgia

_____

**(March 28, 2007)**

Before TJOFLAT, DUBINA, and HULL, Circuit Judges.

PER CURIAM:

Appellant Stephen Lester Davis, a *pro se* federal prisoner, appeals the district court's dismissal of his petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241. The district court dismissed Davis's petition because it found that the "savings clause" of 28 U.S.C. § 2255 did not apply, and therefore, Davis could not seek relief under 28 U.S.C. § 2241.

On appeal, Davis argues that the "savings clause" of 28 U.S.C. § 2255 applies, and he should be allowed to file a habeas petition pursuant to 28 U.S.C. § 2241. Davis argues that he is actually innocent of being a leader or organizer, and, therefore, should not have received an enhanced sentence pursuant to U.S.S.G. § 3B1.1(a). More specifically, Davis argues that there was no evidence introduced in the district court to show his exercise of authority, degree of control, influence, or leadership. Davis does not argue that he is actually innocent of the substantive offense for which he was convicted.

The availability of habeas relief under § 2241 presents a question of law that we review *de novo*. *See Cook v. Wiley*, 208 F.3d 1314, 1317 (11th Cir. 2000). Typically, collateral attacks on the validity of a federal conviction or sentence must be brought under § 2255. *Sawyer v. Holder*, 326 F.3d 1363, 1365 (11th Cir. 2003). However, under limited circumstances, a provision of § 2255 permits a federal prisoner to file a habeas petition pursuant to 28 U.S.C. § 2241. *See* 28 U.S.C. §§

2

2241(a), 2255.  That provision, known as the "savings clause," provides that

> [a]n application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255.  Accordingly, a court may entertain a § 2241 petition attacking custody resulting from a federally imposed sentence if the petitioner establishes that the remedy provided for under § 2255 is inadequate or ineffective.  *See* 28 U.S.C. § 2255.  The burden of coming forward with evidence affirmatively showing the inadequacy or ineffectiveness of the § 2255 remedy rests with the movant.  *Dukes v. United States,* 189 Fed. Appx. 850, 851 (11th Cir. 2006) (citing *McGhee v. Hanberry*, 604 F.2d 9, 10 (5th Cir. 1979)).

When a prisoner has previously filed a § 2255 motion to vacate, he must apply for and receive permission from this Court before filing a successive § 2255 motion.  28 U.S.C. § 2244(b)(3), 2255.  We have held that such restrictions on successive § 2255 motions, standing alone, do not render that section "inadequate or ineffective" within the meaning of the savings clause.  *Wofford v. Scott*, 177 F.3d 1236, 1244-45 (11th Cir. 1999).  Consequently, a petitioner who has filed a previous § 2255 motion which the court denied may not circumvent the AEDPA's

3

successive-motion rule simply by filing a petition under § 2241. *Id.* We have established that the savings clause only applies when (1) the petitioner's claim is based on a retroactively applicable Supreme Court decision; (2) the holding of that decision established that the petitioner was convicted of a "nonexistent offense;" and (3) "circuit law squarely foreclosed such a claim at the time it otherwise should have been raised at the petitioner's trial, appeal, or first § 2255 motion." *Id.* at 1244. In order for a prisoner to avail himself of the § 2241 remedy under *Wofford*, all three criteria must be satisfied. *See id.* at 1244-45.

A petitioner may not argue the merits of his claim until he has "open[ed] the portal" to a § 2241 proceeding by demonstrating that the savings clause applies to his claim. *Id.* at 1244 n.3. If a petitioner successfully reaches the merits of his claim, the proper inquiry is whether the petitioner can overcome a procedural default for not raising the claim earlier by showing actual innocence. *Id.*

After reviewing the record, we conclude that the district court did not err by dismissing Davis's § 2241 petition. Davis is precluded from seeking relief under § 2241 because § 2255's "savings clause" does not apply. Davis has not even attempted to comply with the first prong of the three-part *Wofford* test because he has not made any argument that his claim is based on a retroactively applicable Supreme Court decision. Thus, we need not address the remaining prongs. *See*

4

*Wofford*, 177 F.3d at 1245 (holding that "the only sentencing claims that may conceivably be covered by the savings clause are those based upon a retroactively applicable Supreme Court decision overturning circuit precedent"). However, it is worth noting that Davis is challenging the length of his sentence due to the district court's application of U.S.S.G. § 3B1.1(a), which does not satisfy the second prong of the *Wofford* test because a sentencing enhancement has no connection to a conviction for a non-existent sentence.

Because Davis has not established the applicability of § 2255's savings clause, we do not need to consider the merits of his actual innocence claim. Davis's actual innocence claim is not relevant because he did not show that the savings clause of § 2255 applies. *See Wofford*, 177 F.3d at 1244 n.3 (stating that "[o]nce the savings clause of § 2255 applies to open the portal to a § 2241 proceedings the proper inquiry in that § 2241 proceedings will be whether the petitioner can establish actual innocence of the crime for which he has been convicted.").

Because Davis has not satisfied the three-part *Wofford* test, § 2255's savings clause does not apply, and, thus, Davis cannot seek relief under § 2241. Therefore, we affirm the judgment of the district court.

**AFFIRMED.**