Lance **COLLINS**, Petitioner,

v.

**H.A. LEDEZMA**, Warden, Respondent.[1]

No. CIV–09–197–C.

United States District Court,
W.D. Oklahoma.

May 19, 2010.

---

**1.** Petitioner also named as Respondent the United States of America. However, the proper respondent in a § 2241 action is the petitioner's current custodian. *See* 28 U.S.C. § 2242 (application for writ of habeas corpus shall "name the person who has custody over him"); *see also Rumsfeld v. Padilla*, 542 U.S. 426, 439, 124 S.Ct. 2711, 159 L.Ed.2d 513 (2004) ("In challenges to present physical confinement, we reaffirm that the immediate custodian, not a supervisory official who exercises legal control, is the proper respondent."). In this case, therefore, the proper respondent is H.A. Ledezma, Warden of FCI El Reno. The United States, therefore, should be dismissed from this action.

Lance Collins, El Reno, OK, pro se.

## *ORDER OF DISMISSAL*

ROBIN J. CAUTHRON, District Judge.

This action for habeas corpus relief brought by a prisoner, proceeding *pro se,* was referred to United States Magistrate Judge Bana Roberts consistent with the provisions of 28 U.S.C. § 636(b)(1)(B). Judge Roberts entered a Report and Recommendation on April 30, 2010, to which Petitioner has timely objected. The Court therefore considers the matter *de novo.*

The facts and law are set out in full in Judge Roberts' accurate and well-reasoned Report and Recommendation and there is no purpose to be served in repeating them yet again. In his objection, Petitioner merely restates the conclusions and legal argument originally asserted, and raises no issue not fully considered and accurately addressed and rejected by the Magis-

trate Judge and there is no argument of fact or law set forth in the objection which would require a different result.

Accordingly, the Court adopts, in its entirety, the Report and Recommendation of the Magistrate Judge, and for the reasons announced therein, this petition for habeas corpus relief is dismissed. A judgment will enter accordingly.

### REPORT AND RECOMMENDATION

BANA ROBERTS, United States Magistrate Judge.

Petitioner, a federal prisoner appearing pro se and currently confined at the Federal Correctional Institution (FCI) at El Reno, Oklahoma, has filed a petition pursuant to 28 U.S.C. § 2241 and a brief in support (Doc. No. 4 "Petitioner's Brief"), challenging the legality of his sentence. The matter has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B). Respondent moves to dismiss Petitioner's § 2241 petition on grounds that Petitioner has failed to demonstrate the inadequacy or ineffectiveness of a remedy under 28 U.S.C. § 2255 and has failed to demonstrate his actual innocence [Doc. No. 11, "Respondent's Motion"] and Petitioner has filed a response (designated as a reply) to the motion [Doc. No. 13, Petitioner's Reply]. Respondent filed a reply in support of the motion to dismiss [Doc. No. 14, "Respondent's Reply"], to which Petitioner responded [Doc. No. 15, "Petitioner's Reply to Respondent's Reply"]. Thus, the matter is at issue. For the reasons set forth hereafter, the undersigned recommends that Respondent's motion to dismiss be granted.[2]

### I. Background

On January 21, 2004, Petitioner was convicted by jury verdict in the United States District Court for the Northern District of Texas, Case No. 4:03–CR–206–A, of bank robbery and aiding and abetting in violation of 18 U.S.C. § 2113(a) and 2. Respondent's Motion to Dismiss, Exs. 1 and 2. On May 14, 2004, Petitioner was sentenced to 210 months imprisonment, to be followed by three years of supervised release. *Id.* On direct appeal, the Fifth Circuit Court of Appeals affirmed Petitioner's conviction. *See United States v. Collins,* 144 Fed. Appx. 407 (5th Cir.2005); *see also* Petition, Ex. A.

Petitioner filed a motion for relief under 28 U.S.C. § 2255 in the sentencing court and relief was denied. *See Collins v. United States,* Case Nos. 4:07–CV–137–A, 4:03–CR–206–A, 2007 WL 3120934 (N.D.Tex. October 23, 2007); *see also* Petitioner's Brief, Ex. C. Petitioner apparently appealed the denial of § 2255 relief, and on or about June 9, 2008, the Fifth Circuit denied Petitioner's request for a certificate of appealability and dismissed his appeal.[3]

Petitioner initiated the present habeas action pursuant to 28 U.S.C. § 2241, con-

---

**2.** The central issue in this action is also the focus of another case filed in this Court, *McNack v. Ledezma,* Case No. CIV–09–1072–HE, 2010 WL 3824159. Based on independent research of this issue, the undersigned agrees with the reasoning and conclusion set forth in the Report and Recommendation (Doc. No. 20) filed on April 15, 2010, in *McNack* by Magistrate Judge Valerie Couch. This report and recommendation has therefore borrowed liberally from Judge Couch's analysis.

**3.** Although the record does not contain a copy of the Fifth Circuit's decision, Petitioner states that the court issued its order denying a certificate of appealability on June 9, 2008, and that the court thereafter took "no action" on his subsequent attempt to "amend" his § 2255 motion following the United States Supreme Court's grant of certiorari in *United States v. Chambers,* 473 F.3d 724 (7th Cir. 2004). Petitioner's Brief, p. 2.

tending that he was improperly sentenced as a career offender under the applicable United States Sentencing Guidelines ("USSG"), specifically, USSG § 4B1.1, based on two prior convictions for escape. Petitioner's Brief, p. 4. He bases his entitlement to § 2241 relief on a January 13, 2009, decision by the United States Supreme Court, *Chambers v. United States*, 555 U.S. 122, 129 S.Ct. 687, 172 L.Ed.2d 484 (2009).

In *Chambers*, the Supreme Court addressed a split among the Circuit Courts of Appeal as to whether failure to report for imprisonment falls within the scope of the term "violent felony" as defined in the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e). The sentencing court in *Chambers* found the petitioner was subject to a 15-year mandatory prison term under the ACCA because the petitioner had three prior convictions that came within the ACCA's definition of a "serious drug offense" or "violent felony." The petitioner challenged the finding that his prior state conviction for failing to report qualified as a violent felony.[4] The Supreme Court held that the conviction for failure to report did not qualify as a violent felony for purposes of the ACCA because "it does not involve conduct that presents a serious potential risk of physical injury to another." *Id.* at 691 (quotations omitted).

Petitioner contends his escape convictions do not qualify as violent felonies because, like the conviction at issue in *Chambers*, his escape convictions resulted from a failure to return (or walk away) from a halfway house and did not involve the requisite harmful conduct, and therefore his sentence was improperly enhanced. Petitioner states that he seeks to invoke § 2255's savings clause which would allow him to proceed with a challenge to his sentence under § 2241 if the remedy provided by § 2255 were inadequate or ineffective to test the legality of his detention. Petitioner contends that, based on the particular circumstances of his case, the remedy under § 2255 is inadequate and ineffective.

Respondent moves for dismissal of the Petition as improperly brought pursuant to § 2241. Respondent contends that because Petitioner challenges the legality of his sentence but fails to demonstrate the inadequacy or ineffectiveness of the remedy under § 2255, he may seek relief only through a § 2255 motion. Respondent asserts further that because a § 2255 motion must be filed in the district of conviction (the United States District Court for the Northern District of Texas), this Court lacks jurisdiction over Petitioner's claims.

## II. *Analysis*

 It is well-established that habeas petitions filed pursuant to § 2241 and motions filed pursuant to § 2255 serve different and distinct purposes. "A petition under 28 U.S.C. § 2241 attacks the execution of a sentence *rather than its validity* and must be filed in the district where the prisoner is confined." *Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir.1996). In contrast, a § 2255 "attacks the legality of detention … and must be filed in the district that imposes the sentence." *Id.* (citation omitted).

 Section 2255 is generally the exclusive remedy available to a federal prisoner attacking the legality of his conviction and sentence. *See Caravalho v. Pugh*, 177 F.3d 1177, 1178 (10th Cir.1999). A narrow exception exists, however, if the remedy provided by § 2255 is inadequate or inef-

---

4. Mr. Chambers had been convicted of robbery and battery and sentenced to report to prison for 11 weekends of incarceration.

*Chambers*, 129 S.Ct. at 690. He failed to report on four weekends and was convicted of "failing to report to a penal institution." *Id.*

fective. *Id.* The provision of § 2255 known as the "savings clause" provides:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, *unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.*

28 U.S.C. § 2255(e) (emphasis added).

■ However, federal courts have found the remedy under 28 U.S.C. § 2255 inadequate or ineffective only in "extremely limited circumstances." *Caravalho,* 177 F.3d at 1178. For example, the remedy by motion under § 2255 may be inadequate or ineffective if the sentencing court has been abolished, refuses to consider the § 2255 motion, inordinately delays consideration of the § 2255 motion, or is unable to grant complete relief due to the involvement of other sentencing courts. *See id.* Another situation that may render the remedy under § 2255 inadequate or ineffective is when the gate-keeping language of § 2255 bars application of a Supreme Court case, made retroactive to cases on collateral review, that does not state a new rule of constitutional law but does establish that the petitioner "may have been convicted of

a nonexistent offense." *See, e.g., Reyes–Requena v. United States,* 243 F.3d 893, 903–904 (5th Cir.2001). This "actual innocence" component to the savings clause test "capture[s] the idea that the incarceration of one whose conduct is not criminal 'inherently results in a complete miscarriage of justice.'" *Id.* at 904.

■ It is well-established that the fact relief has previously been denied is insufficient to demonstrate the § 2255 remedy is inadequate or ineffective. *See Bradshaw,* 86 F.3d at 166 (it is the petitioner's burden to show that the § 2255 remedy is inadequate or ineffective, and a previous failure to obtain relief under § 2255 does not establish that the remedy so provided is either inadequate or ineffective). Likewise, that a petitioner may be precluded from filing a second § 2255 motion does not establish that the statutory remedy is inadequate or ineffective. *Caravalho,* 177 F.3d at 1179.[5]

Petitioner argues that in light of *Chambers,* he is actually innocent of his status as a career offender because *Chambers* establishes that Petitioner's convictions of "walk away escapes" do not qualify as crimes of violence under the career offender provision of the guidelines. Petitioner's Brief, pp. 4–5;[6] *see also* Petitioner's Reply, p. 3 ("This petitioner has shown that he is actually innocent of the elements which form the basis of the career offender provision."). Petitioner alleges that "failure to

---

**5.** A second or successive § 2255 motion may be entertained only if a panel of the Court of Appeals first certifies that it contains:

(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable fact finder would have found the movant guilty of the offense; or

(2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h).

**6.** Petitioner correctly states that even though he was not sentenced under the ACCA as was the defendant in *Chambers,* Petitioner's Brief, p. 4, the Tenth Circuit has noted that the Supreme Court's interpretation and analysis of the ACCA's definition of a "violent felony," *see* 18 U.S.C. § 924(e)(2)(B), applies equally to the federal sentencing guidelines' definition of a "crime of violence," *see* USSG § 4B1.2(a). *United States v. Tiger,* 538 F.3d 1297, 1298 (10th Cir.2008).

review his claim would result in a fundamental miscarriage of justice." Petitioner's Reply, pp. 3–4. The Tenth Circuit has not decided whether it would allow a § 2241 petition to proceed under the circumstances presented here. The Tenth Circuit has, however, in unpublished decisions, "assume[d] the existence of [an] actual-innocence exception" and analyzed whether the petitioner would qualify to proceed under § 2241. *See Prevatte v. Gunja,* 167 Fed.Appx. 39, 43–44 (10th Cir. 2006) (addressing petitioner's claim brought pursuant to § 2241 that he was convicted under 18 U.S.C. § 844(I) on a factual basis the Supreme Court later clarified in *Jones v. United States,* 529 U.S. 848, 120 S.Ct. 1904, 146 L.Ed.2d 902 (2000), was not within the scope of the statute); *Hernandez–Escarsega v. Morris,* 43 Fed.Appx. 181, 184 (10th Cir.2002) (recognizing that "[o]ther circuits allow a federal prisoner who is 'actually innocent' of the crime of conviction, but who never has had 'an unobstructed procedural shot' at presenting a claim of innocence, [to] resort to § 2241 if the possibility of relief under § 2255 is foreclosed") (citation and internal quotations omitted).

In *Hernandez–Escarsega,* the Tenth Circuit discussed the actual innocence showing required by other circuits as necessary to proceed with a challenge to a conviction and sentence by way of a § 2241 petition. The petitioner must show factual innocence rather than legal innocence. *Id.,* 43 Fed.Appx. at 185 (citing *Reyes–Requena,* 243 F.3d at 903–904; *Triestman v. United States,* 124 F.3d 361, 379–380 (2d Cir.1997)). The Tenth Circuit noted "the core idea is that the petitioner may have been imprisoned for conduct that was not

prohibited by law." *Hernandez–Escarsega,* 43 Fed.Appx. at 184 (citing *Reyes–Requena,* 243 F.3d at 903).[7]

■ In each of the cases where the Tenth Circuit has assumed an actual innocence exception for purposes of allowing a habeas petitioner to proceed under § 2241, the petitioner has challenged the underlying conviction. Here, however, Petitioner does not claim he is actually innocent of the underlying bank robbery conviction. Nor does he claim he is actually innocent of the escape convictions. Instead, he claims he is "innocent" only of the sentence enhancement he received as a result of the escape on grounds that, according to *Chambers,* his escape conviction is not a "violent felony" for purposes of career offender status under USSG § 4B1.1.

In a related habeas context, the Tenth Circuit has refused to allow successive collateral review of a sentence enhancement challenge on grounds of actual innocence. *See Reid v. State of Oklahoma,* 101 F.3d 628, 630 (10th Cir.1996). In *Reid,* a state prisoner attempted to bring a third habeas petition pursuant to 28 U.S.C. § 2254 challenging a sentence enhancement on grounds of actual innocence. The Tenth Circuit affirmed the dismissal of the successive petition:

[W]e find nothing in the record to implicate the "miscarriage of justice" exception, which requires a claim of actual innocence regarding the offense under review. [Citations omitted.] Petitioner challenges his conviction and sentence in Oklahoma ... yet he does not assert that he is innocent of the felonies to which he pled guilty there. Instead, he asserts that he "is innocent of the enhancement charge." ... The Oklahoma

**7.** In *Reyes–Requena,* the Fifth Circuit held that "the savings clause of § 2255 applies to a claim (i) that is based on a retroactively applicable Supreme Court decision which establishes that the petitioner may have been convicted of a nonexistent offense and (ii) that was foreclosed by circuit law at the time when the claim should have been raised in the petitioner's trial, appeal, or first § 2255 motion." *Reyes–Requena,* 243 F.3d at 904.

habitual offender statute merely adds a noncapital enhancement to a sentence imposed for an underlying felony conviction; it does not set out elements of an independent criminal offense. [Citation omitted.] Accordingly, because "[a] person cannot be actually innocent of a noncapital sentence," *United States v. Richards*, 5 F.3d 1369, 1371 (10th Cir. 1993), petitioner's challenge to his recidivist enhancement does not fall within the potential scope of the miscarriage of justice exception.

*Reid*, 101 F.3d at 630. Although recognizing that the Court in *Reid* is addressing a different kind of enhancement statute within a different habeas context, the undersigned agrees that *Reid* provides some indication as to how the Tenth Circuit would address an actual innocence claim in the § 2241 context brought by Petitioner.[8]

Consistent with the Tenth Circuit's rationale in *Reid*, federal courts in other circuits addressing whether a § 2241 petition can be used to raise a claim challenging a sentence enhancement on grounds of actual innocence have uniformly held that § 2255's savings clause does not apply and have not allowed the claim to proceed under § 2241.[9]

8. The undersigned also agrees with Respondent that Petitioner's reliance on *Selsor v. Kaiser*, 22 F.3d 1029 (10th Cir.1994) for his claim of actual innocence is misplaced. Respondent's Reply, p. 2. In *Selsor*, the state habeas petitioner claimed that he was actually innocent of his enhanced sentence. The Tenth Circuit held that "[i]n a habitual offender case, the petitioner is actually innocent of the sentence if he can show he is innocent of the fact—*i.e.*, the prior conviction—necessary to sentence him as an habitual offender." *Id.* at 1036. Petitioner here does not claim factual innocence of the prior convictions, but merely that he is innocent of having two convictions meeting the requirements of the career offender guideline. "In any event, actual innocence of the sentence still requires a showing of factual innocence." *Id.*

9. *See, e.g., Davis v. Pugh*, 222 Fed.Appx. 925, 927 (11th Cir.2007) (petitioner could not proceed under § 2241 to raise claim that he was actually innocent of sentence enhancement; only a claim that a petitioner has been convicted of non-existent substantive offense is available under § 2255's savings clause); *Gay v. Reese*, No. 5:06cv105–DCB–MTP, 2009 WL 649675, at *3 (S.D.Miss. Feb. 13, 2009) (unpublished op.) (petitioner could not proceed under savings clause of § 2255 on grounds of actual innocence where petitioner did not claim he was actually innocent of the crime of conviction but of being a career criminal for purposes of sentencing enhancement); *Turner v. Stansberry*, No. 3:08cv664, 2008 WL 5047816, at *1 (E.D.Va. Nov. 25, 2008) (unpublished op.) (rejecting claim brought pursuant to § 2241 that petitioner was actually innocent of two sentence enhancements on grounds that "[t]he United States Court of Appeals for the Fourth Circuit has 'not extended the reach of the savings clause to those petitioners challenging only their sentence' ") *(citing United States v. Poole*, 531 F.3d 263, 267 n. 7 (4th Cir.2008)); *see also Brown v. Rivera*, No. 9:08–CV–3177–PMD–BM, 2009 WL 960212, at *3 (D.S.C. April 7, 2009) (unpublished op.) ("In regard to Petitioner's claim that he is actually innocent of being an armed career criminal, that claim is facially inadequate to require consideration because 'Fourth Circuit precedent has … not extended the reach of the savings clause to those petitioners challenging only their sentence.' ") *(citing Poole*, 531 F.3d at 267 n. 7); *Blake v. Joslin*, No. 3:05–CV–2519–R, 2006 WL 537406, at *2 (N.D.Tex. Feb. 23, 2006) (unpublished op.) (holding that petitioner could not utilize savings clause where he claimed he was sentenced as a career offender based on "crimes of violence" that were not in fact "crimes of violence" as "[s]uch a claim is not the type of actual innocence claim contemplated by the savings clause") *(citing Kinder v. Purdy*, 222 F.3d 209, 213–214 (5th Cir.2000) (petitioner's argument that his underlying conviction could not support application of the career offender provisions is not the same as an argument that "he is innocent of the crime for which he was convicted," and the former, even if correct, would not entitle him to proceed under § 2255's savings clause)); *Coles v. United States*, 177 F.Supp.2d 710, 713 (N.D.Ohio 2001) (where petitioner's claim of actual innocence related to a sentencing factor—the

Further, federal courts addressing challenges to sentence enhancements by way of a § 2241 petition in reliance on the United States Supreme Court's decision in *Begay v. United States*, 553 U.S. 137, 128 S.Ct. 1581, 170 L.Ed.2d 490 (2008) are virtually unanimous in their holding that such challenges are foreclosed. Because of the similarities between *Begay* and *Chambers*, these cases are particularly persuasive.

In *Begay*, the Supreme Court was called upon to decide whether the New Mexico felony offense of driving under the influence of alcohol is a "violent felony" within the meaning of the ACCA. The Supreme Court concluded the offense did not constitute a "violent felony." Most federal courts have since rejected § 2241 challenges pursuant to *Begay*, finding that the actual innocence exception necessary to invoke § 2255's savings clause does not apply to errors related to sentence enhancements. *See, e.g., Wilbourn v. Sherrod*, No. 09–cv–109–DRH, 2009 WL 3060199, at *4 (S.D.Ill. Sept. 22, 2009) (unpublished op.) (addressing Petitioner's challenge to his sentence enhancement based on *Begay* and concluding: "Arguments that a sentence enhancement was misapplied simply do not represent a fundamental miscarriage of justice that the law requires to allow a federal prisoner to collaterally attack his sentence pursuant to § 2241."). As the

District Court for the Southern District of Illinois explained in *Wilbourn:*

> Wilbourn was not convicted of being a "career offender." It is not a "crime" to be a "career offender." Rather, that status is a sentencing enhancement that acts to increase the sentence of a convicted defendant that meets the definition. *See* U.S.S.G. § 4B1.1. It is intended to ensure increased sentences for recidivist offenders who committed crimes of violence or drug offenses. *See United States v. LaBonte*, 520 U.S. 751, 774, 117 S.Ct. 1673, 137 L.Ed.2d 1001 (1997). Being innocent of being a career offender is innocence only in a "technical sense," which is insufficient to show that § 2255 is "inadequate or ineffective" and thus allow a § 2241 petition by a federal prisoner. *In re Davenport*, 147 F.3d 605, 609–610 (7th Cir.1998). Instead, such a claim is appropriate for a direct appeal or a § 2255 motion to vacate or modify sentence.

*Id.* at *4. *See also Talbott v. Holencik*, No. EDCV 08–0619–VBF (JTL), 2009 WL 322107, at *7 (C.D.Cal. Feb. 5, 2009) (unpublished op.) (holding petitioner cannot proceed under § 2241 to challenge a sentence enhancement pursuant to *Begay;* claim that petitioner is actually innocent of being an armed career criminal does not constitute claim of factual innocence); *Ross v. Zuercher*, No. 09–CV–152–ART, 2010 WL 568528, at *2–3 (E.D.Ky. Feb. 12, 2010) (unpublished op.) (accord).[10]

ACCA enhanced sentence penalty—and not the underlying substantive crime of conviction, petitioner could not invoke savings clause of § 2255 as interpreted by the Sixth Circuit Court of Appeals).

10. The undersigned notes a decision by the District Court of Kansas that appears to stand alone in concluding that § 2255's savings clause may be invoked to challenge a sentence enhancement as opposed to the underlying criminal conviction. *See United States v. Salazar*, No. 04–20013, 2009 WL 2448868 (D.Kan. Aug. 10, 2009) (unpublished op.). In *Salazar*, the petitioner was sentenced in the

District Court of Kansas as a career offender under § 4B1.1 of the U.S.S.G. based in part on the court's determination that his involuntary manslaughter conviction constituted a "crime of violence" for purposes of the USSG. *Id.* at *1. After relief pursuant to the petitioner's § 2255 motion was denied, the Supreme Court decided *Begay*. The petitioner filed a motion for a writ of audita querela in the District Court of Kansas, seeking a reduced sentence under *Begay*. *Id.* at *2. The court determined that the petitioner was challenging the validity of his sentence and detention which was more properly construed as a § 2255 claim, but concluded that a second or

Consistent with these holdings, the few federal courts to address a collateral challenge specifically based on *Chambers* have held that relief under § 2241 is unavailable. *See, e.g., DiFilippo v. Sniezek*, No. 3:10cv406, 2010 WL 1462497, *2–3 (M.D.Pa. April 9, 2010) (unpublished op.) (petitioner's claim that pursuant to *Chambers* he was improperly labeled a career criminal could not proceed under § 2241 but must be brought as a § 2255; even if a prior § 2255 motion had been filed, petitioner had an adequate remedy of pursuing certification to file a successive § 2255); *Dority v. Roy*, No. 5:09cv57, 2010 WL 796248, at *3 (E.D.Tex. March 8, 2010) (unpublished op.) (petitioner's claim that he was not an armed career criminal based on Supreme Court's decision in *Begay* and *Chambers* did not amount to a claim that he was convicted of a non-existent offense, but was merely a challenge to his sentence enhancement; therefore he could not proceed under § 2255's savings clause); *accord Perry v. Hickey*, No. CV209–55, 2010 WL 723000, at *1 (S.D.Ga. March 2, 2010) (unpublished op.)

This Court is aware of one district court within the Tenth Circuit Court of Appeals that has addressed a challenge to a prisoner's sentence enhancement based on

*Chambers* in a § 2241 petition. *See Sines v. Wilner*, No. 09–cv–01240–BNB, 2009 WL 2365406 (D.Colo. July 31, 2009) (unpublished op.). Like Petitioner, Mr. Sines argued that pursuant to *Chambers*, he was actually innocent of a sentence enhancement triggered by two prior escape convictions. The court considered whether the § 2255 remedy was inadequate or ineffective, applying standards adopted by the Fifth Circuit Court of Appeals in *Reyes-Requena*, 243 F.3d at 903.[11] The court rejected "Mr. Sines' contention that the Supreme Court's decision in *Chambers* demonstrates he is actually innocent" for purposes of invoking § 2255's savings clause. *Id.*, 2009 WL 2365406, at *2. The Court explained:

> Mr. Sines does not argue that he is actually innocent of possessing a stolen firearm, the offense to which he pled guilty in his criminal case. He also does not argue that he is actually innocent of the prior escape convictions that triggered the sentence enhancement he is challenging. Instead, Mr. Sines argues only that he is actually innocent of the sentence enhancement based on *Chambers*. Even assuming Mr. Sines' interpretation of *Chambers* and how that decision would affect his own sentence is

successive § 2255 motion would be inadequate to address the *Begay* issue raised by the petitioner. *Id.* at *5. In support of finding relief under § 2255 inadequate, the court noted that the petitioner's sentence followed the settled law of the Tenth Circuit at the time of his conviction but that "a later non-constitutional statutory interpretation decision may have changed the characterization of the conduct for which Mr. Salazar received an increased sentence." *Id.* The court then determined that the proper vehicle for relief was a petition brought pursuant to § 2241 and transferred the action to the Southern District of Illinois where the petitioner was confined at the time he filed his petition. *Id.* at *6.

However, it is doubtful that *Salazar* is persuasive authority, as the Tenth Circuit has not

decided this issue, and, contrary to the weight of authority set forth herein, the District Court of Kansas did not address any distinction between the two types of challenges. Moreover, the outcome of the *Salazar* case upon transfer remains unknown.

11. As the Court in *Sines* noted, the Tenth Circuit has cited with approval the Fifth Circuit's *Reyes-Requena* actual innocence standard applicable to § 2255's savings clause. *See United States v. Apodaca*, 90 Fed.Appx. 300, 304 n. 10 (10th Cir.2004) (agreeing with *Reyes-Requena* that recourse to § 2241 "will be unavailing unless accompanied by a clear showing of actual innocence"); *see also Hernandez-Escarsega, supra*, 43 Fed.Appx. at 184 (accord).

accurate, his argument that he is actually innocent of a sentence enhancement is not the sort of actual innocence that could justify a determination that the remedy available pursuant to § 2255 in his criminal case is inadequate or ineffective.

*Id.* at *3 (citation omitted).

In sum, although the Tenth Circuit Court of Appeals has not decided the precise question raised in this action, the significant weight of persuasive federal authority forecloses relief under § 2241.[12] Accordingly, the undersigned finds that Petitioner's claim that he is "actually innocent" of a sentence enhancement does not come within the scope of § 2255's savings clause. Petitioner has not demonstrated that § 2255 provides an inadequate or ineffective remedy for testing the legality of his detention, and consequently Petitioner cannot proceed with a challenge to the legality of his detention in a § 2241 petition.

### RECOMMENDATION

For these reasons, it is recommended that Respondent's motion to dismiss [Doc. No. 11] be granted and the petition seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2241 be dismissed.[13] Petitioner is advised of his right to file an objection to this Report and Recommendation with the Clerk of this Court on or before the 20th day of May, 2010, in accordance with 28 U.S.C. § 636 and Fed.R.Civ.P. 72. Failure to make timely objection to this Report and Recommendation waives the right to appellate review of the factual and legal issues addressed herein. *Moore v.*

*United States,* 950 F.2d 656 (10th Cir. 1991).

This Report and Recommendation terminates the referral of this matter to the undersigned.

Entered this 30th day of April, 2010.

---

12. Respondent has submitted notice of the Tenth Circuit's decision in *United States v. Shipp,* 589 F.3d 1084 (10th Cir.2009), in which the Court held that *Chambers* applies retroactively to initial § 2255 motions. Respondent's Notice of Supplemental Authority [Doc. No. 18]. However, the decision in *Shipp* has no bearing on this Court's decision

on whether Petitioner may bring a *Chambers* challenge to his sentence in a § 2241 petition.

13. The undersigned notes that in his Brief, Petitioner includes a request for an evidentiary hearing and appointment of counsel. Petitioner's Brief, p. 7. If this recommendation is adopted, those requests will become moot.