FILED
United States Court of Appeals
Tenth Circuit

October 29, 2010

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

LANCE COLLINS,

      Petitioner - Appellant,

v.

H.A. LEDEZMA, Warden,

      Respondent - Appellee.

No. 10-6126
(D.C. No. 09-CV-00197-C)
(W.D. Okla.)

ORDER AND JUDGMENT[*]

Before **KELLY**, **EBEL**, and **LUCERO**, Circuit Judges.[**]

Petitioner-Appellant Lance Collins, a federal prisoner appearing pro se, appeals the district court's denial of his 28 U.S.C. § 2241 petition. Mr. Collins is currently incarcerated at the federal correctional facility in El Reno, Oklahoma. He was convicted in the Northern District of Texas for bank robbery and sentenced on May 14, 2004, to 210 months' imprisonment, followed by three

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

years of supervised release. 1. R. at 6. The Fifth Circuit affirmed the conviction. United States v. Collins, 144 Fed. Appx. 407 (5th Cir. Aug. 10, 2005). He filed a § 2255 petition in the sentencing court, which denied the petition. Collins v. United States, Nos. 4:07-CV-137-A, 4:03-CR-206-A, 2007 WL 3120934 (N.D. Tex. Oct. 23, 2007). The Fifth Circuit denied a Certificate of Appealability (COA) and dismissed the appeal. 1. R. at 118 n.3. Mr. Collins then filed his § 2241 petition in the Western District of Oklahoma.

Mr. Collins claims he was improperly sentenced as a "career offender" during his 2004 sentencing. Aplt. Br. 2. He bases his argument on Chambers v. United States, 129 S. Ct. 687 (2009), and contends that he was improperly sentenced as a career offender under United States Sentencing Guideline ("USSG") § 4B1.1 based on two prior convictions for escape. Aplt. Br. 2. He argues that he should be entitled to collateral review pursuant to § 2241 on the grounds that, like the failures to report in Chambers, his escape convictions do not qualify as violent felonies and, therefore, his § 2255 remedy was inadequate within the meaning of § 2255's "savings clause" because he is "actually innocent" of the sentence enhancement imposed. Aplt. Br. 2-3. The district court rejected this contention upon recommendation of the magistrate judge and dismissed the petition. Collins v. Ledezma, No. 09-CV-00197-C, 2010 WL 1999301 (W.D. Okla. May 19, 2010).

We review the legal conclusions of a district court's denial of habeas

- 2 -

corpus de novo. Rogers v. Gibson, 173 F.3d 1278, 1282 (10th Cir. 1999). A claim of actual innocence with respect to a noncapital sentence enhancement, rather than an underlying crime, does not come within the scope of § 2255's savings clause. Sines v. Wilner, 609 F.3d 1070, 1072-73 (10th Cir. 2010); United States v. Richards, 5 F.3d 1369, 1371 (10th Cir. 1993) ("A person cannot be actually innocent of a noncapital sentence . . . ." (citing Sawyer v. Whitley, 112 S. Ct. 2514, 2519-20 (1992); Estrada v. Witkowski, 816 F. Supp. 408, 414 (D.S.C.1993))); see also Reid v. Oklahoma, 101 F.3d 628, 630 (10th Cir. 1996) (explaining in abuse-of-writ context that claimed innocence of an enhancement charge rather than of an underlying crime is not a claim of actual innocence that would implicate § 2254's miscarriage of justice exception because an enhancement "does not set out elements of an independent criminal offense"). Thus, Mr. Collins fails to demonstrate that § 2255 provides an inadequate or ineffective remedy for testing the legality of his detention, precluding a challenge to the legality of his detention in a § 2241 petition.

AFFIRMED. We GRANT Mr. Collins IFP status.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge

- 3 -